# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VANDUELIRA BARNES,

           **Plaintiff,**

-vs-                                         **Case No.  6:07-cv-1754-Orl-22DAB**

BENZERENTERPRISES, INC. d/b/a
Benzer Gifts, ARVIND NANDU and
MONNICA NANDU,

           **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 25)** |
| **FILED:** | **August 5, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The Court scheduled a hearing, following the parties' notification of settlement in this Fair Labor Standards Act ("FLSA") action.  According to the Complaint, Plaintiff was allegedly owed unpaid overtime compensation from her employer, Defendants.  Defendants raised certain defenses denying liability and challenging the claims, and the parties undertook discovery.  The parties have filed a summary of the settlement terms (Doc. No.25, supplemented at Doc. No. 28).  As the record

is complete, the Court determines that there is no need for a fairness hearing, and **respectfully recommends** that the motion be **granted** and the action be **dismissed.**

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

All relevant terms of the settlement are undisputed here and set forth clearly in the summary. According to the papers, the Plaintiff is to receive significantly less than the amount claimed in the

-2-

Interrogatories.   As explained by counsel, there were several issues supporting the instant compromise, including the strength of Defendants' affirmative defenses, a statute of limitations issue, and a proof issue related to duplicate time records.   Under the circumstances, the parties assert that the settlement amount, which includes $4,500 in unpaid overtime and $4,500 in liquidated damages, is reasonable, and the Court concurs.   The Court finds  the settlement to be a fair and reasonable resolution of a bona fide dispute.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  As the mandatory language of the Act says "in addition to any judgment," a  prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.  Here, there is no judgment, as the parties have asked that the Court approve the settlement and dismiss the complaint, with prejudice.   Nonetheless, the Court reviews the amount sought, to the extent it impacts the amounts Plaintiff ultimately receives in settlement.

According to the settlement, Plaintiff's counsel is to receive the sum of $8,560.00 for attorney's fees and $440 for costs.  No breakdown was provided, but the papers state that the parties engaged in discovery, including deposition, interrogatories and request for production, as well as numerous correspondence and telephone conversations regarding settlement (Doc. No. 28 at 2).  At

$300 per hour, the fee reflects approximately 28 hours of attorney time, which the Court finds to be not unreasonable, considering the numerous contested issues involved and the fact that the parties stipulated to the amount.

It is therefore **respectfully recommended** that the settlement be **approved,** and the case be **dismissed, with prejudice**.  **The fairness hearing is hereby CANCELLED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 12, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

-4-